IN THE COURT OF APPEALS
AT KNOXVILLE

F L E D

October 2, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| LARRY G. RELFORD | ) | LOUDON COUNTY |
| | ) | 03A01-9712-CV-00547 |
| Plaintiff-Appellant | ) | |
| | ) | |
| | ) | |
| v. | ) | HON. RUSSELL E. SIMMONS, JR., |
| | ) | JUDGE |
| | ) | |
| WILLIAM DeROCHIE and | ) | |
| STEVE LaFON | ) | |
| | ) | |
| Defendants-Appellees | ) | AFFIRMED AND REMANDED |

SAM G. SMITH, JR., OF KNOXVILLE FOR APPELLANT

ROBERT A. CRAWFORD OF KNOXVILLE FOR APPELLEE STEVE LaFON

O P I N I O N

Goddard, P.J.

Larry G. Relford, an employee of William DeRochie, sued Mr. DeRochie and Steve LaFon, seeking damages for injuries received by him when he fell from a scaffold while framing a personal residence being erected for Mr. LaFon under a contract with Mr. DeRochie, the general contractor. As best we understand the complaint, it is grounded upon two theories-- first, that Mr. LaFon failed to provide a safe place for Mr. Relford to work and, second, that Mr. LaFon was, as contemplated by T.C.A. 50-6-111, a statutory employer and subject to the provisions of the Tennessee Workers' Compensation Statute.

The Trial Judge sustained Mr. LaFon's motion for summary judgment and dismissed the complaint as to him. The order he entered made the judgment a final one under the provisions of Rule 54 of the Tennessee Rules of Civil Procedure, resulting in this appeal wherein he asserts the following issue, which we re-state:

> The determinative issue asserted by Mr. Relford is that the Court was in error in granting summary judgment in favor of Mr. LaFon.

The accident giving rise to Mr. Relford's injuries occurred on or about July 20, 1995, when Mr. Relford, in furtherance of his employment with Mr. DeRochie, was attempting to put facia board on the roof. He describes the manner the accident occurred in his discovery deposition as follows:

Q. Now, tell me how you happened to be on that scaffolding.

A. Well, I was helping Ken on the roof put the facia board on, and we got down to that point where we had about so much room (indicating), about maybe 6 inches of room, and I couldn't get enough leverage to push up on it. So I got down on the scaffold and pushed up (indicating), and I still couldn't get the crown out of it to get it up far enough to be nailed in. So I hollered for some help. Greg got up there to help me. We pushed up. When we did, it give way.

Q. How tall are you?

A. I'm 5'6".

Q. How much do you weigh?

A. I weigh about 185 pounds.

Q. How much did you weigh at the time?

A. About the same.

Q. How about Greg, how tall is he?

A. I would say maybe 5'7", 5'8".

Q. How much did he weigh?

A. About 280 pounds.

2

Q.      Were both of you pushing up on -- was it the crown?

A.      Yes.

Q.      When you were pushing up on the crown, at the same time you would be pushing down with your feet, wouldn't you?

A.      Right.

The record shows that although Mr. LaFon supplied a medal scaffold to be used on the job, the wooden scaffold which broke, causing Mr. Relford to fall, was constructed by other employees of Mr. DeRochie.

Mr. Relford's brief concedes that "if the only duty owed appellant by defendant LaFon is that of landowner to an invitee, then there is insufficient proof to show that LaFon breached that particular duty."

He insists, however, that Mr. LaFon was, as already noted, a statutory employer, and because neither Mr. LaFon nor Mr. DeRochie, who had seven employees, did not carry Workers' Compensation insurance, Mr. LaFon is liable.

Although we have grave doubts, we will assume for the purpose of this opinion that Mr. LaFon was a statutory employer, as insisted by Mr. Relford. It does not follow, however, that liability would attach for that reason.

The sanctions placed by T.C.A. 50-6-111 upon those who are required to carry Workers' Compensation insurance but do not, which in this case would include both Mr. DeRochie and Mr. LaFon, are as follows:

**50-6-111. Defenses not available to employer failing to secure payment of compensation.**-- No employer who fails to secure payment of compensation as required by the Workers' Compensation Law shall, in any suit brought against such employer by an employee covered by such law or by the dependent or dependents of such an employee, to recover damages for personal injury or death arising from accident, be permitted to defend such suit upon any of the following grounds:

      (1) The employee was negligent;
      (2) The injury was caused by the negligence of a fellow servant or fellow employee; or
      (3) The employee had assumed the risk of the injury.

It thus appears that there must have been negligence in the first instance before a waiver of defense could be effective. Under the facts of this case, given the concession above noted in Mr. Relford's brief, we find no negligence on the part of Mr. LaFon and that the Trial Court acted properly in granting summary judgment.

In conclusion, we observe that a case might be made that Mr. LaFon, as a statutory employer, is liable because of the negligence of his employees in building the scaffold or in lifting the facia board, causing it to fall. This, however, was not a theory advanced either below or on appeal, and we are disinclined to advocate it on Mr. Relford's behalf.

For the foregoing reasons the judgment of the Trial Court is affirmed and the cause remanded to the Trial Court for collection of costs below. Costs of appeal are adjudged against Mr. Relford and his surety.

_____
Houston M. Goddard, P.J.

CONCUR:


_____
Herschel P. Franks, J.

4

_____
Don T. McMurray, J.